IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KIMBERLY WEBB,<br><br>    Plaintiff,<br><br>vs.<br><br>STEARNS LENDING, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., FIRST AMERICAN TITLE, AND DOES 1-5,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION FOR ATTORNEY FEES<br><br><br><br>Case No. 2:11-CV-159 TS |

This matter is before the Court on a Motion to Dismiss and Motion for Attorney Fees filed by Defendant Stearns Lending, Inc. ("Stearns Lending"). For the reasons discussed below, the Court will grant the Motion to Dismiss, but deny the Motion for Attorney Fees.

I. MOTION TO DISMISS STANDARD

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the

1

light most favorable to Plaintiff as the nonmoving party.[1] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[2] All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[3] But, the court "need not accept conclusory allegations without supporting factual averments."[4] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5] The Supreme Court has explained that a plaintiff must "nudge[ ][his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss.[6] Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.[7]

---

[1] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547(2007) (dismissing complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[3] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[4] *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[5] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[6] *Id*.

[7] *The Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

## II. FACTUAL BACKGROUND

The following facts are taken from Plaintiff's sparse Complaint. Plaintiff is the owner of certain property in American Fork, Utah. Defendant Stearns Lending is the original lender of a trust deed recorded against the property. Plaintiff alleges "[o]n information and belief, Stearns Lending has no interest in the foregoing trust deed."[8] Plaintiff further alleges that the note is currently being held by someone other than Stearns Lending and that the note has been split, rendering the trust deed a nullity.

## III. DISCUSSION

A.     MOTION TO DISMISS

Defendant Stearns Lending argues that Plaintiff's Complaint must be dismissed. The Court agrees that dismissal is appropriate for two reasons. First, Plaintiff's Complaint fails to meet the pleading requirements set out above. The Complaint is nothing more than a recitation of conclusory allegations and legal conclusions that the Court need not accept as true. Second, Plaintiff's Complaint is based on a "split note" theory that has been repeatedly rejected by this Court. Therefore, dismissal is appropriate for the same reasons previously stated by this Court.

B.     MOTION FOR ATTORNEY FEES

Defendant argues that it should be awarded attorney fees and costs incurred in defending this suit pursuant to Utah Code Ann. § 78B-5-825.

---

[8] Docket No. 2, Ex. 1.

In a case brought to this Court on diversity, the matter of attorney fees is a substantive legal issue and is therefore controlled by state law.[9] Section 78B-5-825 states that reasonable attorney fees shall be awarded "to a prevailing party if the court determines that the action or defense to the action was without merit and not brought or asserted in good faith."[10] In order to be awarded attorney fees under § 78B-5-825: (1) the moving party must prevail, (2) the claim asserted by the non-moving party must be without merit, and (3) the claim must not be brought in good faith.[11]

In support of its motion, the moving party must marshal sufficient evidence for the Court to find each of the three requirements is met.[12] In order to show a claim was not brought in good faith, the moving party must show the nonmoving party: "(1) [lacked] an honest belief in the propriety of the activities in question; (2) [had] no intent to take unconscionable advantage of others; and (3) [had] no intent to, or knowledge of the fact that the activities in question hinder, delay, or defraud others."[13]

While Defendant has shown Plaintiff's Complaint is without merit, it has not shown that it was not brought in good faith. Therefore, Defendant's request for attorney fees is denied.

---

[9]*See Cowley v. Porter*, 127 P.3d 1224, 1235 (Utah Ct. App. 2005) (quoting *In re Discipline of Sonnenreich*, 86 P.3d 712, 725 (Utah 2004)).

[10]UTAH CODE ANN. § 78B-5-825.

[11]*Hermes Assoc. v. Park's Sportsman*, 813 P.2d 1221, 1225 (Utah Ct. App. 1991).

[12]*Still Standing Stable, LLC v. Allen*, 122 P.3d 556, 559 n.2 (Utah 2005).

[13]*Id.* at 560.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendant Stearns Lending's Motion to Dismiss (Docket No. 6) is GRANTED.  It is further

ORDERED that Defendant Stearns Lending's Motion for Attorney Fees (Docket No. 13) is DENIED.

DATED   May 23, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge